Law Office of Richard J. Meechan
Benjamin Karpilow (SBN 266332)
703 Second Street, Suite 200
Santa Rosa, CA 95404
Tel: 707.528.4409
Fax: 707.528.3381
bkarpilow@servinginjuredworkers.com

Attorneys for Plaintiff
SUNSHINE T. DEERING

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSHINE T. DEERING,<br><br>     Plaintiff,<br><br>  vs.<br><br>COUNTY OF MARIN, a Governmental Entity; CHRIS PERINE, an Individual; LEE LANCASTER, an Individual; JOSH LOWERY, an Individual; and DOES 1-10, INCLUSIVE,<br><br>     Defendants. | Case No.: 4:26-cv-01599-JST<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON**<br><br>**1. Sexual Harassment/Hostile Work Environment Under Title VII (42 U.S.C §2000e et seq.) and FEHA (Gov. Code §12940(j))**<br>**2. Sex/Gender Discrimination Under Title VII and FEHA (Against Defendant County of Marin)**<br>**3. Race Discrimination Under Title VII and FEHA (Against Defendant County of Marin)**<br>**4. Age Discrimination Under ADEA (29 U.S.C. §621 et seq.)**<br>**5. Retaliation Under Title VII (42 U.S.C. §2000e-3(a)), ADEA (29 U.S.C. §623A(d)), and FEHA (Gov. Code §12940(h))**<br>**6. Failure to Prevent Discrimination, Harassment, and Retaliation Under FEHA (Gov. Code §12940(k))(Against Defendant County of Marin)**<br><br>*Unlimited Civil Case*<br><br>*Request for Jury Trial* |

- 1 -
**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**   *Deering v. County of Marin, et al*

## BACKGROUND

1.      This case involves sexual harassment, gender and race discrimination, age discrimination, and retaliation against Plaintiff Sunshine T. Deering, a Native American female Juvenile Corrections Officer employed by Defendant County of Marin. Beginning in June 2023, Plaintiff's supervisors Lee Lancaster and Josh Lowery subjected Plaintiff to severe sexual harassment. After Plaintiff reported this conduct in August 2023, the County subjected her to immediate and continuing retaliation, including intimidation, schedule manipulation, denial of promotion, and wrongful termination in October 2024.

2.      Despite the County's own investigation substantiating Plaintiff's complaints on February 23, 2024—finding that Lee Lancaster and Josh Lowery violated the County's Equal Employment Policy (PMR 21) through gender-based harassment—the harassers faced minimal consequences, while Plaintiff's work hours were cut , she was scheduled to work with her harassers, denied promotion, and ultimately terminated.

## ADMINISTRATIVE PROCEDURES

3.      Plaintiff filed a charge of discrimination with the EEOC (Charge No. 550-2025-00301), dual-filed with the California Civil Rights Department. Prior to administrative remedies, Plaintiff filed internal complaints including a PMR 21 complaint in August 2023 and a union grievance.

4.      On November 26, 2025, the EEOC issued Plaintiff a Right-to-Sue letter. Plaintiff timely exhausted her administrative remedies under the Fair Employment and Housing Act ("FEHA") on April 2, 2026 as to all Defendants and obtained a right-to-sue letter from the California Civil Rights Department ("CCRD") that same day.

5.      All claims are brought within applicable statutes of limitations under Title VII, the ADEA, and FEHA. Any conduct outside the statute of limitations is part of a pattern of ongoing and continuous conduct that falls within the limitations period and is subject to the continuing violation doctrine.

- 2 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331, §1343, 42 U.S.C. §2000e, *et seq.*, and 29 U.S.C. §621 *et seq.*, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper pursuant to 28 U.S.C. §1391 because Defendants reside or operate within this district and the events occurred in Marin County at the Juvenile Hall located at 16 Jeannette Prandi Way, San Rafael, California 94903.

**PARTIES**

8.      Plaintiff Sunshine T. Deering is a Native American female born in 1979. She was employed by Defendant County as a Juvenile Corrections Officer from December 15, 2022 until her unlawful termination on October 26, 2024. Plaintiff resides in Forestville, California, County of Sonoma.

9.      Defendant County of Marin is a governmental entity operating in Marin County with its principal offices at 3501 Civic Center Drive, Suite 415, San Rafael, California 94903. The County employs more than 501 employees and is an "employer" under Title VII, the ADEA, and FEHA.

10.     Individual Defendant Lee Lancaster was a Juvenile Corrections Officer with supervisory authority over Plaintiff, acting within the scope of his employment at all relevant times.

11.     Individual Defendant Josh Lowery was a Juvenile Corrections Officer with supervisory authority over Plaintiff, acting within the scope of his employment at all relevant times.

12.     Individual Defendant Chris Perine was a supervisor with authority over Plaintiff, including responsibility for scheduling and responding to harassment complaints, acting within the scope of his employment at all relevant times. As a person under Government Code section 12925, he aided and abetted Lee Lancaster in sexually harassing

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

and threatening Plaintiff—or attempted to do so—and as such is equally liable as an individual.

13.    Plaintiff is ignorant of the true names of Defendants sued as Does 1-10, and will amend this complaint once ascertained. Each Doe Defendant is legally responsible for the events alleged herein.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.    Plaintiff was hired in December 2022, sworn in as a Juvenile Corrections Officer in March 2023, and successfully completed her probationary period in October 2023. At all times relevant to this case, she was a licensed probation officer with prior corrections experience.

### Sexual Harassment

15.    In June 2023, Lee Lancaster told Plaintiff to "slow-down and shut-up" in response to work-related questions in a dismissive, demeaning manner based on her gender.

16.    On July 3, 2023, Lee Lancaster told Plaintiff to "put your pretty little hands over your ears," then stated, "Women are best on their backs, they don't belong in this field" in front of other staff.

17.    Also on July 3, 2023, when a juvenile asked about television shows, Josh Lowery responded while making direct eye contact with Plaintiff that they could watch shows "as long as it doesn't have any p*ssy, assholes, or titties." This deliberately crude comment was directed at Plaintiff to demean and humiliate her.

### Initial Reporting and Threats

18.    Shortly after July 3, 2023, Plaintiff reported the harassment to acting supervisor Michelle Pitts, who responded, "you're not the first person this has happened to," then warned, "you can report this, but I have to caution you'll probably lose your job."

- 4 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**    *Deering v. County of Marin, et al*

19.     Plaintiff also reported the harassment to Chris Perine, who dismissed her concerns, stating she was "just too sensitive," had "misunderstood," and was "blowing things out of proportion." Perine told Plaintiff to sit down and talk with Lee Lancaster and Josh Lowery, leaving Plaintiff to correct and prevent the harassment.

20.     On August 19, 2023, with the cooperation of Chris Perine, who aided and abetted, Lee Lancaster summoned Plaintiff to a room with no security cameras, blocked the entrance, and kept her isolated for 10-15 minutes. Lancaster threatened: "Josh [Lowery] has some sort of feelings. If you know what's good for you, you will apologize to him." This intimidation was particularly traumatic for Plaintiff.

21.     In August 2023, Plaintiff filed a formal PMR 21 complaint alleging sexual harassment and gender discrimination by Lee Lancaster, Josh Lowery, and Chris Perine.

22.     On September 15, 2023, Plaintiff also reported Lee Lancaster's harassment to Chief of Probation Marlon Washington via telephone and email. Chief Washington said such conduct was "not ok in his department" and would send a PMR 21 form, but the County failed to take immediate corrective action.

**PMR 21 Complaint and County Investigation**

23.     On February 23, 2024, the County's Equal Employment Director Roger Crawford issued findings sustaining multiple allegations:

a.     Lee Lancaster told Plaintiff to "slow down and shut up" and "cover your pretty little ears" based on gender, violating PMR 21;

b.     Josh Lowery made an inappropriate sexually explicit comment in Plaintiff's presence that was "likely gender-based," violating PMR 21;

c.     Lee Lancaster confronted Plaintiff about her complaints in August 2023.

24.     Despite sustaining serious gender-based harassment allegations, Lee Lancaster and Josh Lowery were given minimal corrective action by Chris Perine. Against

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

her will, Plaintiff kept being scheduled to work with Lee Lancaster and Josh Lowery , who continued to have supervisory authority over Plaintiff.

### Retaliation Through Schedule Manipulation

25. Immediately after reporting harassment, Plaintiff experienced severe retaliation. Her shift changed from 6:00 a.m.-6:00 p.m. to the less desirable 6:00 p.m.-6:00 a.m. night shift without explanation or justification.

26. Plaintiff's hours were drastically cut from approximately 60 hours per week to zero. On September 12, 2023, Grady Livingston, who has since died, emailed without explanation that she was removed from the work calendar entirely.

27. Between September 12 and October 2023, Plaintiff worked only a handful of shifts. While the County claimed insufficient hours, Plaintiff's shifts were reassigned to other employees, including newly hired Emma De La Cruz who had less seniority.

28. Despite her PMR 21 complaint and the County's investigation, the County scheduled Plaintiff to work directly with Lee Lancaster and Josh Lowery beginning in November 2023. When Plaintiff raised concerns about this to Director of Juvenile Services Eric Olson in December 2023, he simply responded "Ok" but took no action to protect Plaintiff from her harassers.

### Retaliatory Investigation

29. After Plaintiff filed her PMR 21 complaint, the County initiated an Internal Affairs investigation against Plaintiff based on a complaint of racial discrimination by coworker Henry Anderson, who routinely told Plaintiff and others to call him "Sir Henry.".

30. On October 13, 2023, Eric Olson conducted a recorded interview of Plaintiff, "Mirandizing" her though stating "this is not a criminal investigation." Anderson's complaint of racial harassment was found to lack merit and was not substantiated, but the investigation seemed designed to intimidate Plaintiff, to punish her for making a harassment complaint, and to discourage her from doing so again.

//

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

**Denial of Promotion and Disparate Treatment**

31.     In March 2024, Plaintiff applied for promotion to Juvenile Corrections Officer I. Despite being well-qualified with a completed probationary period, probation license, and no disciplinary history, the County required Plaintiff to undergo a second full background investigation.

32.     Younger male coworkers who applied for promotions were not required to undergo second background checks, even though some had disciplinary actions during probation. By contrast, Plaintiff had never been disciplined.

33.     In October 2024, Assistant Chief Probation Officer Jessica Forte emailed that Plaintiff was "not qualified" for the JCO1 position despite her experience and qualifications.

34.     During this period, the County promoted other employees and transferred employees without posting positions. Plaintiff repeatedly requested transfers to probation field positions to escape her harassers, but her requests were ignored while other employees, including Emma De La Cruz, received transfers.

**Wrongful Termination**

35.     On October 25, 2024, Plaintiff received a Separation Letter terminating her employment effective October 26, 2024, stating she was "not meeting 'Standards' for a Juvenile Corrections Officer."

36.     This reason was pretextual. Plaintiff had worked successfully for nearly two years, was sworn in, completed probation, passed two background investigations, and never received disciplinary action or performance warnings.

37.     The termination came eight months after the County substantiated her harassment complaints and weeks after it denied her promotion in retaliation for protesting sexual harassment.

//

//

- 7 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

38.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered economic damages including loss of wages, employment benefits, promotional opportunities, and future earning capacity.

39.    Plaintiff has suffered severe emotional distress, humiliation, anxiety, depression, physical sickness, illness, and injury, and PTSD symptoms. She has been in therapy for years for anxiety, depression, and PTSD, conditions significantly exacerbated by Defendants' conduct.

40.    Plaintiff has four children, two with autism requiring significant care. Her termination has severely affected her ability to provide for her family.

41.    In doing the acts alleged herein, Individual Defendants Lee Lancaster, Josh Lowery, and Chris Perine acted with malice, oppression, and fraud, and in conscious disregard of Plaintiff's rights so as to warrant the imposition of punitive damages in an amount based on the Individual Defendants' ability to pay and in an amount sufficient to make an example out of them to deter others from engaging in similar misconduct. The County, through its directors, officers, and managing agents including Chief Washington, Director Eric Olson, Equal Employment Director Roger Crawford, and Assistant Chief Jessica Forte, knew of the harassment and ratified it by failing to take adequate corrective action while retaliating against and ultimately terminating Plaintiff.

### FIRST CAUSE OF ACTION

### Sexual Harassment/Hostile Work Environment Under Title VII (42 U.S.C. §2000e et seq.) and FEHA (Gov. Code §12940(j))

### (Against All Defendants)

42.    Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

43.    Title VII and Government Code §12940(j) prohibit sexual harassment that creates a hostile work environment. Government Code section 12940(i) makes it unlawful

- 8 -

for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under the FEHA, or to attempt to do so.

44.   Lee Lancaster, Josh Lowery, and Chris Perine harassed Plaintiff because of her sex/gender. Lancaster stated "women are best on their backs, they don't belong in this field," told her to "cover your pretty little ears," and made dismissive comments based on gender. Lowery made sexually explicit comments about "p*ssy, assholes, or titties" while making direct eye contact with Plaintiff. Perine aided and abetted Lee Lancaster in sexually harassing and threatening Plaintiff, knowing she had already complained about Lowery and Lancaster's harassment. This conduct was severe, pervasive, and created a hostile, abusive work environment, as it would for any female in Plaintiff's position.

45.   Defendant County is liable under respondeat superior and vicarious liability. Lee Lancaster and Josh Lowery were supervisory employees with authority over Plaintiff's daily work. Under the FEHA, an employer is strictly liable for hostile environment harassment by supervisors. The County, through persons including Chris Perine, also ratified the harassment.

46.   The County had actual knowledge of the harassment. Plaintiff reported it to Michelle Pitts, Chris Perine, and Chief Washington. The County's investigation substantiated that Lee Lancaster and Josh Lowery violated PMR 21 through gender-based harassment. Despite this, the County failed to take adequate corrective action.

47.   Individual Defendants Lancaster, Lowery, and Perine  may be held individually liable under FEHA §12940(j)  and (i).

48.   In doing the acts complained of herein, Defendants violated Title VII and Government Code §12940(j) and (i).

//
//
//

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**       *Deering v. County of Marin, et al*

## SECOND CAUSE OF ACTION

## Sex/Gender Discrimination Under Title VII and FEHA

## (Against Defendant County of Marin)

49.    Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

50.    Title VII and Government Code §12940(a) prohibit sex and gender discrimination in the terms, conditions, or privileges of employment.

51.    Plaintiff was subjected to disparate treatment based on sex. Male employees were not told they "don't belong in this field" or that they were "too sensitive." Younger male coworkers applying for promotions were not required to undergo second background checks despite some having disciplinary histories, while Plaintiff, with no disciplinary action, was required to undergo a second check and was denied promotion.

52.    The County's denial of Plaintiff's promotion, second background check requirement, schedule manipulation, and termination were acts of sex discrimination.

53.    Defendant County is liable for sex discrimination by its supervisors and managers acting within the scope of employment.

54.    In doing the acts alleged herein, Defendants violated Title VII and Government Code §12940(a).

## THIRD CAUSE OF ACTION

## Race Discrimination Under Title VII and FEHA

## (Against Defendant County)

55.    Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

56.    Title VII and Government Code §12940(a) prohibit race discrimination in the terms, conditions, or privileges of employment.

57.    Plaintiff is Native American and was subjected to race-based discrimination. Coworkers made comments about Plaintiff drinking "white girl drinks" because she drank

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES            *Deering v. County of Marin, et al*

Dutch Bros coffee, reflecting discriminatory animus based on her Native American heritage.

58.    Plaintiff was denied promotion to JCO1 while younger, non-Native American employees with disciplinary histories were promoted. The County's requirement that Plaintiff undergo a second background check also demonstrates disparate treatment based on race.

59.    Defendant County is liable for race discrimination towards Plaintiff by its employees, including its supervisors and managers.

60.    In doing the acts alleged herein, Defendants violated Title VII and Government Code §12940(a).

### FOURTH CAUSE OF ACTION

### Age Discrimination Under ADEA (29 U.S.C. §621 et seq.) and FEHA (Gov. Code §12940(a))

### (Against Defendant County of Marin)

61.    Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

62.    The ADEA and Government Code §12940(a) prohibit age discrimination against individuals forty years or older.

63.    Plaintiff was born in 1979 and was forty-four years old during the events alleged, making her a protected class member.

64.    Plaintiff was denied promotion while younger employees without her experience and qualifications were promoted. The County promoted younger individuals with disciplinary histories while Plaintiff, who had never been disciplined, was told she was "not qualified."

65.    Younger employees, including newly hired Emma De La Cruz, were given shifts and promotional opportunities denied to Plaintiff. The County's termination of

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**    *Deering v. County of Marin, et al*

Plaintiff while retaining and promoting younger, less experienced employees demonstrates age discrimination.

66. In doing the acts alleged herein, Defendants violated the ADEA and Government Code §12940(a).

### FIFTH CAUSE OF ACTION

### Retaliation Under Title VII (42 U.S.C. §2000e-3(a)), ADEA (29 U.S.C. §623(d)), and FEHA (Gov. Code §12940(h))

### (Against Defendant County)

67. Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

68. Title VII, the ADEA, and Government Code §12940(h) prohibit retaliation against employees who oppose unlawful practices or participate in investigations.

69. Plaintiff engaged in protected activity by reporting harassment to Pitts, Perine, and Chief Washington, and filing a PMR 21 complaint and union grievance in August 2023.

70. Plaintiff suffered adverse actions including: (1) shift change to night shift; (2) reduction of hours from 60 per week to zero; (3) removal from work calendar on September 12, 2023; (4) being scheduled with her harassers beginning November 2023; (5) retaliatory Internal Affairs investigation; (6) denial of promotion in October 2024; (7) second background check requirement; (8) denial of transfer requests; and (9) termination on October 26, 2024.

71. There is a clear causal connection between Plaintiff's protected activity and adverse actions. The temporal proximity demonstrates retaliation: her shift changed and hours were cut immediately after reporting harassment; she was removed from the calendar weeks after filing her PMR 21 complaint; she was terminated eight months after the County substantiated her complaints.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

72. The County's stated reasons were pretextual. The County claimed scheduling cuts necessitated reduced hours, but Plaintiff's shifts were reassigned to others, including newly hired employees. The County claimed Plaintiff wasn't meeting standards, but she worked successfully for two years, passed two background checks, and never received discipline or performance warnings.

73. Lee Lancaster, Josh Lowery, Chris Perine, Grady Livingston, Michelle Pitts, Eric Olson, Jessica Forte, and Marlon Washington are considered "supervisors" under the FEHA and Title VII so as to make the County liable for their misconduct, as they acted in concert to retaliate against Plaintiff.

74. In doing the acts alleged herein, Defendants violated Title VII, the ADEA, and Government Code §12940(h).

**SIXTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation Under FEHA**

**(Gov. Code §12940(k))**

**(Against Defendant County)**

75. Plaintiff realleges all preceding paragraphs as though fully pled in this cause of action.

76. Government Code §12940(k) requires employers to take all reasonable steps to prevent discrimination, retaliation, and harassment.

77. Plaintiff was subjected to discriminatory, harassing, and retaliatory conduct by the County through supervisors Lee Lancaster, Josh Lowery, Chris Perine, Grady Livingston, Michelle Pitts, Eric Olson, Jessica Forte, and Chief Marlon Washington from June 2023 through October 2024 based on sex, race, and age, and for protesting harassment and discrimination.

78. The County had notice through Plaintiff's reports to Pitts, Perine, and Chief Washington, and through its investigation substantiating harassment allegations on

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES        *Deering v. County of Marin, et al*

February 23, 2024. Despite this knowledge, the County failed to take immediate and appropriate corrective action, permitting the unlawful conduct to continue through October 2024.

79.    The County repeatedly failed to take appropriate action. Perine dismissed Plaintiff's complaint, calling her "too sensitive." Pitts warned Plaintiff she would "probably lose [her] job" if she reported harassment. The County scheduled Plaintiff with her harassers despite her complaints. When Plaintiff raised concerns with Director Olson, he responded "Ok" but took no corrective action.

80.    Despite the County's zero-tolerance policy for harassment, Lee Lancaster and Josh Lowery faced minimal consequences after the County substantiated they violated PMR 21. The harassers continued working in the same facility with supervisory authority over Plaintiff. Instead of protecting Plaintiff, the County retaliated by cutting her hours, denying promotion, and terminating her.

81.    As a result, Plaintiff endured a hostile work environment for over a year, causing significant emotional and physical distress.

82.    In doing the acts alleged herein, Defendant County violated Government Code §12940(k).

**PUNITIVE DAMAGES ALLEGATIONS**

83.    Individual Defendants Lancaster, Lowery, and Perine acted with malice, oppression, or fraud, including under California Civil Code §3294. Their conduct was willful, wanton, and intended to harm Plaintiff based on her sex and gender in conscious disregard of her rights.

84.    Lancaster's sexually demeaning comments including "women are best on their backs, they don't belong in this field," his command to "cover your pretty little ears," and his isolation and intimidation of Plaintiff in a camera-free room were malicious acts intended to harm Plaintiff.

- 14 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

85.     Defendant County, through managing agents Chief Washington, Director Olson, Equal Employment Director Crawford, and Assistant Chief Forte, knew of the harassment, discrimination, and retaliation and ratified it by: (1) substantiating Plaintiff's PMR 21 complaints yet failing to impose meaningful discipline on harassers; (2) allowing Lancaster and Lowery to continue working with supervisory authority over Plaintiff; (3) scheduling Plaintiff with her harassers; (4) retaliating through schedule manipulation, denial of promotion, and termination; and (5) terminating Plaintiff eight months after substantiating her complaints.

86.     The County's conduct demonstrates conscious disregard for Plaintiff's rights, including under Civil Code §3294 and Government Code §12965(b). The County's pattern of tolerance for harassment and retaliation, evidenced by Michelle Pitts's statement that Plaintiff was "not the first person this has happened to" and warning she'd "probably lose [her] job," demonstrates malice and conscious disregard for Plaintiff's rights.

87.     The County's managing agents authorized, ratified, or acted in concert with the Individual Defendants, warranting the imposition of punitive damages against the Individual Defendants in an amount sufficient to punish them and deter others from engaging in similar misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That judgment be entered in favor of Plaintiff;

2.      Back pay, front pay, lost benefits, and prejudgment interest at the maximum legal rate;

3.     Compensatory damages for emotional distress, pain and suffering, humiliation, anxiety, depression, PTSD, physical illness, sickness, and injury, and other non-economic harm in an amount no less than $10,000,000;

- 15 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**          *Deering v. County of Marin, et al*

4.    Punitive damages against Individual Defendants Lancaster, Lowery, and Perine, under laws including  Government Code §12965(b) and Civil Code §3294;

5.    An order enjoining Defendants from engaging in further discrimination, harassment, and retaliation towards its female probation officers;

7.    An order requiring Defendants to implement policies, procedures, and training to prevent future violations;

8.    Declaratory relief establishing Defendants' conduct violated Title VII, the ADEA, and FEHA;

9.    Pre-judgment and post-judgment interest at the maximum rate allowed by law;

10.    Reasonable attorneys' fees pursuant to Title VII (42 U.S.C. §2000e-5(k)), the ADEA (29 U.S.C. §626(b)), and FEHA (Gov. Code §12965(b));

11.    Costs of suit;

12.    Trial by jury; and

13.    Such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: April 3, 2026                                        Law Office of Richard J. Meechan

_Benjamin Karpilow_
Benjamin Karpilow
Attorneys for Plaintiff
SUNSHINE T. DEERING

- 16 -

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**        *Deering v. County of Marin, et al*