Benjamin Karpilow (SBN 266332)
Law Office of Richard J. Meechan
703 Second Street, Suite 200
Santa Rosa, CA 95404
Tel: 707.528.4409
Fax: 707.528.3381
bkarpilow@servinginjuredworkers.com

**Attorney for Plaintiff**
**SUNSHINE DEERING**

BRIAN E. WASHINGTON, COUNTY COUNSEL
Michael C. Zimmermann, Deputy County Counsel (SBN 322431)
Valerie Berg, Deputy County Counsel (SBN 278322)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Suite 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
michael.zimmermann@marincounty.gov
valerie.berg@marincounty.gov

Attorneys for Defendant
COUNTY OF MARIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SUNSHINE T. DEERING,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COUNTY OF MARIN, a Governmental Entity; CHRIS PERINE, an Individual; LEE LANCASTER, an Individual; JOSH LOWERY, an Individual; and DOES 1-10, INCLUSIVE,<br><br>                    Defendants. | Case No.: 4:26-cv-01599-JST<br><br>*Assigned for All Purposes to the Honorable Judge Jon S. Tigar, Department 6*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed:          February 24, 2026<br>FAC Filed:                April 3, 2026<br>Trial Date:                 not yet set |

- 1 -

**JOINT CASE MANAGEMENT STATEMENT**                    *Deering v. Marin, et al. – 4:26-cv-01599-JST*

Plaintiff Sunshine T. Deering ("Plaintiff") and Defendant County of Marin ("County" or "Defendant"), collectively referred to herein as "the Parties," in the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      JURISDICTION AND SERVICE**

Plaintiff's claims are authorized by 28 U.S.C. §1343; 28 U.S.C. §1331; 42 U.S.C. § 2000e, *et seq.;* and California Government Code § 12900, *et seq.* Plaintiff also invokes the Court's pendent jurisdiction to adjudicate her state law claims. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1343.

As to service on the Defendants named in Plaintiff's First Amended Complaint ("FAC"), which is the operative complaint: service has been made on the County and Individual Defendants Christopher Perine ("Perine") and Josh Lowery ("Lowery").

Despite diligent efforts, Plaintiff has not been able to effectuate service on Individual Defendant Lee Lancaster ("Lancaster").

**2.      FACTS**

        a.      Plaintiff's Statement of Facts:

This case involves sexual harassment, gender and race discrimination, age discrimination, and retaliation against Plaintiff Sunshine T. Deering, a Native American female Juvenile Corrections Officer employed by Defendant County of Marin. Beginning in June 2023, Plaintiff's supervisors Lee Lancaster and Josh Lowery subjected Plaintiff to severe sexual harassment and intimidation. After Plaintiff reported this conduct in August 2023, the County subjected her to immediate and continuing retaliation, including intimidation, schedule manipulation, denial of promotion, and wrongful termination in October 2024.

Despite the County's own investigation substantiating Plaintiff's complaints on February 23, 2024—finding that Lee Lancaster and Josh Lowery violated the County's Equal Employment Policy (PMR 21) through gender-based harassment—the harassers

JOINT CASE MANAGEMENT STATEMENT                    *Deering v. Marin, et al. – 4:26-cv-01599-JST*

faced minimal consequences, while Plaintiff's work hours were cut , she was scheduled to work with her harassers, denied promotion, and ultimately terminated.

b.   County's Statement of Facts:

Plaintiff began working for the County as an extra-hire Juvenile Corrections Officer I on April 2, 2023.

Plaintiff alleges that Lancaster and Lowery made sexually harassing comments to her in June and July 2023, and that Perine was dismissive when she reported the alleged harassment. She also alleges that she was retaliated against after reporting the alleged harassment, and that this retaliation included a reduction in hours and the reassignment of her shifts.

Plaintiff submitted an application for a Justice Service Worker I position with the County on March 28, 2024. Plaintiff was ineligible for this position because she was not a full or part-time regular hire County employee. Plaintiff also submitted an application for a full-time Juvenile Corrections Officer I ("JCO I") position on April 3, 2024.

On October 25, 2024, Plaintiff was informed that she did not pass the background check for the JCO I position. She was also informed that she was being separated from her employment with the County effective October 26, 2024. Plaintiff alleges that she was discriminatorily denied the JCO I promotion and that she was wrongfully terminated for reporting the harassment.

**3.   LEGAL ISSUES**

- Whether or not Plaintiff was subjected to harassment based on her sex and this harassment created a hostile work environment, under the Fair Employment and Housing Act, California Government Code section 12940(j) and/or Title VII, 42 U.S.C. section 2000e, *et seq.*;

- Whether or not Defendant retaliated against Plaintiff, under the Fair Employment and Housing Act, California Government Code § 12940(h), and/or the Age Discrimination in Employment Act, 29 U.S.C. section 623(d),

JOINT CASE MANAGEMENT STATEMENT                     *Deering v. Marin, et al. – 4:26-cv-01599-JST*

and/or Title VII, 42 U.S.C. section 2000e-3(a), for opposing conduct made unlawful under those laws;

- Whether or not Defendant discriminated against Plaintiff on the basis of her sex/gender, under the Fair Employment and Housing Act, California Government Code § 12940(a), and/or Title VII, 42 U.S.C. section 2000e-2(a);

- Whether or not Defendant discriminated against Plaintiff on the basis of her race, under the Fair Employment and Housing Act, California Government Code section 12940(a) and/or Title VII, 42 U.S.C. section 2000e-2(a);

- Whether or not Defendant discriminated against Plaintiff because of her age, under the Age Discrimination in Employment Act, 29 U.S.C. section 621, *et seq.*;

- Whether or not Defendant failed to prevent discrimination, harassment, or retaliation from occurring, under the Fair Employment and Housing Act, California Government Code section 12940(k);

- Whether or not, and to what extent, Plaintiff has incurred any economic damages as a result of the conduct alleged in the FAC;

- Whether or not, and to what extent, Plaintiff has incurred any non-economic damages as a result of the conduct alleged in the FAC.

- Whether or not the Individual Defendants are liable for punitive damages as a result of the conduct alleged in the FAC

## 4.    MOTIONS

There are no prior or pending motions in this case.

The County anticipates filing a Motion for Summary Judgment.

The Parties agree that they are not waiving their right to bring any other motion not identified in this paragraph.

## 5.    AMENDMENT OF PLEADINGS

The Parties do not anticipate any further amendment of the pleadings at this time.

## 6.    EVIDENCE PRESERVATION

- 4 -

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to FRCP 26(f) regarding steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The parties have taken steps to preserve electronically stored information relating to the factual allegations in Plaintiff's FAC and the County's affirmative defenses pled in response thereto.

### 7.    DISCLOSURES

The Parties agree that General Order No. 71 is applicable, and have agreed to extend the deadline for exchange of Initial Discovery to July 8, 2026.

### 8.    DISCOVERY

The Parties have not conducted any discovery to date. The Parties have agreed to conduct discovery pursuant to the procedures and limitations set forth under the FRCP, except that the Parties agree that they may serve 50 interrogatories.

The County anticipates it will propound interrogatories, requests for production of documents, and/or requests for admission on Plaintiff, and take depositions of relevant individuals. The County may also issue subpoenas pursuant to FRCP 45.

Plaintiff intends to propound interrogatories, requests for production of documents, and/or requests for admission on Defendants, and take depositions of individuals identified in Defendants' initial discovery exchanged under General Order 71. Plaintiff also intends to depose the County's Person Most Knowledgeable (PMK) under FRCP 30(b)(6) on a variety of topics to be identified after discovery begins.

### 9.    CLASS ACTIONS

This case is not a class action.

### 10.    RELATED CASES

There are no related cases.

### 11.    RELIEF

Plaintiff claims she is entitled to the following forms of relief: economic, non-economic and compensatory damages; punitive damages against the Individual

- 5 -

Defendants; injunctive and declaratory relief; recovery of costs of suit and reasonable attorney's fees; a jury trial; and a judgment entered in Plaintiff's favor.

The County denies Plaintiff is entitled to any relief.

**12.   SETTLEMENT AND ADR**

The Parties discussed ADR options as required by ADR L.R 3-5 and have agreed to participate in private mediation or a settlement conference with a magistrate judge. The Parties would like to postpone scheduling an ADR session until after the exchange of initial discovery and certain depositions are completed.

**13.   OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The County does not consent to the jurisdiction of a magistrate judge. Plaintiff consents.

**14.   NARROWING OF ISSUES**

The Parties may be able to narrow the issues in this matter after initial written discovery and depositions are completed, and will meet and confer regarding any stipulations that can be attained and the filling of dispositive motions that may result in the narrowing of issues.

**15.   SCHEDULING**

The Parties propose the following schedule:

Non-Expert Discovery Cut-Off Date: May 27, 2027

Designation of Experts: June 3, 2027

Rebuttal of Expert Disclosure: June 17, 2027

Expert Discovery Cut-Off Date: July 15, 2027

Dispositive Motion Hearing Date: September 16, 2027

Pre-trial Conference: November 5, 2027

Trial: December 6, 2027

**16.   TRIAL**

- 6 -

JOINT CASE MANAGEMENT STATEMENT                    *Deering v. Marin, et al. – 4:26-cv-01599-JST*

Plaintiff has requested a jury trial. The County requests a bench trial. The Parties anticipate trial in this matter will last approximately 10 days.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The County is not a non-governmental party and accordingly is not subject to the disclosure of conflicts, interested entities, and persons pursuant to Rule 3-15.

**18.   PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER MATTERS**

None.

The parties attest that concurrence in the filing of this document has been obtained from each of the signatories, which shall serve in lieu of their signatures on this document.

DATED: June 12, 2026

Office of the County Counsel
County of Marin

Michael C. Zimmermann
Valerie Berg
Attorneys for Defendant
COUNTY OF MARIN

DATED: June 12, 2026

Law Office of Richard J. Meechan

Benjamin Karpilow
Benjamin Karpilow
Attorneys for Plaintiff
SUNSHINE T. DEERING

**JOINT CASE MANAGEMENT STATEMENT**   *Deering v. Marin, et al. – 4:26-cv-01599-JST*