BRANDON W. HALTER, COUNTY COUNSEL
Michael C. Zimmermann, Deputy County Counsel (SBN 322431)
Valerie Berg, Deputy County Counsel (SBN 278322)
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Suite 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
michael.zimmermann@marincounty.gov
valerie.berg@marincounty.gov

Attorneys for Defendant
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSHINE T. DEERING,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, a Governmental Entity, CHRIS PERINE, an Individual; LEE LANCASTER, an Individual; JOSH LOWERY, an Individual,<br><br>Defendants. | Case No.: 4:26-CV-01599-JST<br><br>**DEFENDANT CHRIS PERINE'S ANSWER TO PLAINTIFF SUNSHINE T. DEERING'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: February 24, 2026<br>FAC Filed: April 3, 2026<br>Trial Date: January 10, 2028 |

Defendant Chris Perine, in answer to Plaintiff Sunshine T. Deering's First Amended Complaint (the, "FAC") on file herein, admits and alleges as follows:

## BACKGROUND

1. In an answer to the allegations contained in paragraph 1 of the FAC, Defendant Chris Perine ("Perine") admits Plaintiff Sunshine T. Deering ("Plaintiff") has alleged claims for sexual harassment, gender and race discrimination, age discrimination, and retaliation in the FAC. Except as so admitted, Perine denies each and every other allegation, all and singular, generally and specifically.

2. In an answer to the allegations contained in paragraph 2 of the FAC, Perine is unable to admit or deny any personnel information with respect to Juvenile Corrections Officers Lee Lancaster ("Lancaster") and Josh Lowery ("Lowery") pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

**ADMINISTRATIVE PROCEDURES**

3. In an answer to the allegations contained in paragraph 3 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's filings with the EEOC and the California Civil Rights Department and Plaintiff's filing of a union grievance, and denies said allegations on that basis. Perine admits that Marlon Washington ("Washington") submitted a PMR 21 complaint on Plaintiff's behalf in September 2023. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

4. In an answer to the allegations contained in paragraph 4 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the EEOC issuing Plaintiff a Right-to-Sue letter, Plaintiff's exhaustion of her administrative remedies under FEHA, and her obtaining a right-to-sue letter from the CCRD, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

5. In an answer to the allegations contained in paragraph 5 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

**JURISDICTION AND VENUE**

6. In an answer to the allegations contained in paragraph 6 of the FAC, the United States Code and California Law speak for themselves. Except as so stated, Perine lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

7. In an answer to the allegations contained in paragraph 7 of the FAC, the United States Code speaks for itself. Except as so stated, Perine lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

**PARTIES**

8. In an answer to the allegations contained in paragraph 8 of the FAC, Perine admits that Plaintiff is a female born in 1979 who was employed by the County as an extra-hire Juvenile Corrections Officer I. Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff being Native American and her residence, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

9. In an answer to the allegations in paragraph 9 of the FAC, Perine admits the allegations.

10. In an answer to the allegations in paragraph 10 of the FAC, Perine admits that Lancaster was a Juvenile Corrections Officer. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

11. In an answer to the allegations in paragraph 11 of the FAC, Perine admits that Lowery was a Juvenile Corrections Officer. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

12. In an answer to the allegations in paragraph 12 of the FAC, Perine admits he had supervisorial authority over Plaintiff. The Government Code speaks for itself. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

13. In an answer to the allegations in paragraph 13 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

14. In an answer to the allegations in paragraph 14 of the FAC, Perine admits that Plaintiff was hired as an "extra-hire Juvenile Corrections Officer I" in March 2023 and that she signed a "Certificate of Appointment and Oath of Office" dated March 23, 2023. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

**Sexual Harassment**

15. In an answer to the allegations in paragraph 15 of the FAC, Perine is unable to admit or deny any personnel information with respect to Lancaster pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

16. In an answer to the allegations in paragraph 16 of the FAC, Perine is unable to admit or deny any personnel information with respect to Lancaster pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

17. In an answer to the allegations in paragraph 17 of the FAC, Perine is unable to admit or deny any personnel information with respect to Lowery pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

**Initial Reporting and Threats**

18. In an answer to the allegations in paragraph 18 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

19. In an answer to the allegations in paragraph 19 of the FAC, Perine is unable to admit or deny any of his personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

20. In an answer to the allegations in paragraph 20 of the FAC, Perine is unable to admit or deny any of his or Lancaster's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

21. In an answer to the allegations in paragraph 21 of the FAC, Perine admits that Washington submitted a PMR 21 complaint on Plaintiff's behalf in September 2023. Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

22. In an answer to the allegations in paragraph 22 of the FAC, Perine admits that Plaintiff and Washington participated in a discussion on September 15, 2023, and that Washington emailed Plaintiff a link to a PMR 21 Complaint form on September 15, 2023. Perine is unable to admit or deny any personnel information with respect to Lancaster pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Washington's statements, and denies said allegations on that basis. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

**PMR 21 Complaint and County Investigation**

23(a). In an answer to the allegations in paragraph 23(a) of the FAC, Perine is unable to admit or deny any personnel information with respect to Lancaster pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

23(b). In an answer to the allegations in paragraph 23(b) of the FAC, Perine is unable to admit or deny any personnel information with respect to Lowery pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

23(c). In an answer to the allegations in paragraph 23(c) of the FAC, Perine is unable to admit or deny any personnel information with respect to Lancaster pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

24. In an answer to the allegations in paragraph 24 of the FAC, Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every other allegation, all and singular, generally and specifically.

**Retaliation Through Schedule Manipulation**

25. In an answer to the allegations in paragraph 25 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

26. In an answer to the allegations in paragraph 26 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Grady Livingston's email, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

27. In an answer to the allegations in paragraph 27 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's shifts being reassigned, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

28. In an answer to the allegations in paragraph 28 of the FAC, Perine admits that Washington submitted a PMR 21 complaint on Plaintiff's behalf. Perine is unable to admit or deny any personnel information with respect to Lancaster and Lowery pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's raising of concerns to Eric Olson ("Olson") and Olson's response, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

**Retaliatory Investigation**

29. In an answer to the allegations in paragraph 29 of the FAC, Perine admits that Washington submitted a PMR 21 complaint on Plaintiff's behalf. Perine is unable to admit or deny any personnel information with respect to Juvenile Corrections Officer Sir Henry Anderson ("Sir Henry")

pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

30. In an answer to the allegations in paragraph 30 of the FAC, Perine admits that Olson interviewed Plaintiff on October 13, 2023. Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Olson recording the interview and his statements made during the interview, and denies said allegations on that basis. Perine is unable to admit or deny any personnel information with respect to Sir Henry pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

**Denial of Promotion and Disparate Treatment**

31. In an answer to the allegations in paragraph 31 of the FAC, Perine admits that Plaintiff applied for the position of Juvenile Corrections Officer I in April 2024. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

32. In an answer to the allegations in paragraph 32 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

33. In an answer to the allegations in paragraph 33 of the FAC, Perine admits that, in October 2024, Assistant Chief Probation Officer Jessica Fort ("Fort") emailed Plaintiff that "[she] did not successfully pass the background check required for" the Juvenile Corrections Officer role. Except as so admitted, Perine denies each and every allegation, all and singular, generally and specifically.

34. In an answer to the allegations in paragraph 34 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

**Wrongful Termination**

35. In an answer to the allegations in paragraph 35 of the FAC, Perine admits that Plaintiff was sent a letter dated October 25, 2024 stating that she did "not meet the standards required to perform the duties of a Juvenile Correctional Officer" and was being "separat[ed]" from her employment with the County "effective" October 26, 2024. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

36. In an answer to the allegations in paragraph 36 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

37. In an answer to the allegations in paragraph 37 of the FAC, Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

38. In an answer to the allegations in paragraph 38 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

39. In an answer to the allegations in paragraph 39 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

40. In an answer to the allegations in paragraph 40 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and denies said allegations on that basis.

41. In an answer to the allegations in paragraph 41 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

## FIRST CAUSE OF ACTION

### Sexual Harassment/Hostile Work Environment under Title VII

42. In an answer to the allegations in paragraph 42 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

43. In an answer to the allegations in paragraph 43 of the FAC, the United States Code and the Government Code speak for themselves.

44. In an answer to the allegations in paragraph 44 of the FAC, Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

45. In an answer to the allegations in paragraph 45 of the FAC, the Government Code speaks for itself. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

46. In an answer to the allegations in paragraph 46 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's reporting of the alleged harassment, and denies said allegations on that basis. Perine is unable to admit or deny any personnel information with respect to Lancaster and Lowery pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

47. In an answer to the allegations in paragraph 47 of the FAC, the Government Code speaks for itself.

48. In an answer to the allegations in paragraph 48 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

**SECOND CAUSE OF ACTION**

**Sex/Gender Discrimination Under Title VII and FEHA**

49. In an answer to the allegations in paragraph 49 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

50. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 50 of the FAC, the United States Code and the Government Code speak for themselves.

51. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 51 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

52. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer

to the allegations in paragraph 52 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

53. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 53 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

54. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 54 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

## THIRD CAUSE OF ACTION

### Race Discrimination Under Title VII and FEHA

55. In an answer to the allegations in paragraph 55 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

56. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 56 of the FAC, the United States Code and the Government Code speak for themselves.

57. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 57 of the FAC, Perine lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff being Native American and the alleged comments made to Plaintiff, and denies said allegations on that basis. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

58. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 58 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

59. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 59 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

60. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 60 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

## FOURTH CAUSE OF ACTION

### Age Discrimination Under ADEA and FEHA

61. In an answer to the allegations in paragraph 61 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

62. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 62 of the FAC, the United States Code and the Government Code speak for themselves.

63. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 63 of the FAC, Perine admits the allegations.

64. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 64 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

65. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 65 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

66. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer

to the allegations in paragraph 66 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

**FIFTH CAUSE OF ACTION**

**Retaliation Under Title VII, ADEA, and FEHA**

67. In an answer to the allegations in paragraph 67 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

68. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 68 of the FAC, the United States Code and the Government Code speak for themselves.

69. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 69 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's reporting of harassment and filing of a union grievance, and denies said allegations on that basis. Perine admits that Washington submitted a PMR 21 complaint on Plaintiff's behalf. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

70. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 70 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

71. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 71 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

72. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer

to the allegations in paragraph 72 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

73. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 73 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

74. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 74 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

**SIXTH CAUSE OF ACTION**

**Failure to Prevent Discrimination, Harassment, and Retaliation Under FEHA**

75. In an answer to the allegations in paragraph 75 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

76. This cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 76 of the FAC, the Government Code speaks for itself.

77. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 77 of the FAC, Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

78. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 78 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's reporting, and denies said allegations on that basis.

Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singularly, generally and specifically.

79. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 79 of the FAC, Perine is unable to admit or deny any of his personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's reporting to Pitts and Olson, and Pitts and Olson's responses thereto, and on that basis denies each and every allegation contained therein. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

80. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 80 of the FAC, Perine is unable to admit or deny any personnel information with respect to Lancaster and Lowery pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

81. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 81 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

82. This paragraph contains legal conclusions to which no response is required. Moreover, this cause of action is not alleged against Perine. To the extent that a response is required, in an answer to the allegations in paragraph 82 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

## PUNITIVE DAMAGES ALLEGATIONS

83. In an answer to the allegations in paragraph 83 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

84. In an answer to the allegations in paragraph 84 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

85. In an answer to the allegations in paragraph 85 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Washington, Olson, Crawford, and Fort's knowledge of alleged harassment, discrimination, and retaliation, and on that basis denies each and every allegation contained therein. Perine is unable to admit or deny any of his, Lancaster, or Lowery's personnel information pursuant to California Evidence Code § 1043 and California Penal Code § 832.7. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

86. In an answer to the allegations in paragraph 86 of the FAC, Perine lacks sufficient information to form a belief as to the truth of the allegations regarding Pitts' statements, and on that basis denies each and every allegation contained therein. Except as so stated, Perine denies each and every allegation, all and singular, generally and specifically.

87. In an answer to the allegations in paragraph 87 of the FAC, Perine denies each and every allegation, all and singular, generally and specifically.

## PRAYER FOR RELIEF

In an answer to the allegations within the Prayer for Relief, Perine denies each and every allegation, all and singular, generally and specifically.

## AFFIRMATIVE DEFENSES

1. **AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that all of the causes of action therein fail to state facts sufficient to constitute a cause of action or any claim against Perine.

**2. AS AND FOR THE SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that all of the causes of action therein are barred by the doctrines of waiver, issue preclusion, collateral estoppel and/or res judicata.

**3. AS AND FOR THE THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that all of the causes of action therein are barred for failure to exhaust administrative remedies. Perine alleges that Plaintiff has failed to pursue and/or exhaust other administrative or legal remedies available against him.

**4. AS AND FOR THE FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that any and all acts or omissions by him, which allegedly caused the injuries or damages alleged in the Complaint, were acts in the greatest of good faith and without malice, in accordance with good practice, and pursuant to his apparent authority granted to him by statutory and decisional law.

**5. AS AND FOR THE FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that he is not liable for any alleged damages by reason of the absolute immunity for acts taken in a legislative, prosecutorial and/or judicial capacity.

**6. AS AND FOR THE SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that he is entitled to an absolute or qualified immunity to the extent that his conduct, alleged by Plaintiff, is mandated, authorized and/or directed by law, regulations, statutes, ordinances or acts of the County of Marin, the State of California, or the United States of America.

**7. AS AND FOR THE SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff failed to mitigate any damages she allegedly suffered.

**8. AS AND FOR THE EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff, by her action and/or inaction, has waived her rights to litigate the claims alleged in the FAC.

**9. AS AND FOR THE NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, and each cause of action thereof, Perine alleges that the Complaint is preempted by the state workers' compensation laws.

**10. AS AND FOR THE TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that the FAC, and each cause of action contained therein, is barred by the provisions of the California Government Code, Sections 900 *et seq.*, including but not limited to, Sections 910 *et seq.* (presentation and consideration of claims), Sections 930.2 *et seq.* (agreed upon claims procedure), and Section 945.4 (suit prohibited until claim presented on mature cause of action and acted upon).

**11. AS AND FOR THE ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that any and all of his acts or omissions which allegedly caused the injuries or damages alleged in the Complaint, were the result of the exercise of discretion vested in him which is protected by the immunity of Government Code section 820.2.

**12. AS AND FOR THE TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff's claims are barred by applicable statutes of limitations, including but not limited to, claim filing requirements, charge filing requirements, Marin County Bona Fide Merit System, applicable Collective Bargaining Agreements and applicable grievance procedures, California Code of Civil Procedure, California Government Code, and the United States Code.

**13. AS AND FOR THE THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that any and all mandatory duties imposed upon Perine, the failure of which allegedly caused the Plaintiff's alleged injuries, were exercised with reasonable diligence and, therefore, Perine is not liable to Plaintiff for such injury.

**14. AS AND FOR THE FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff's claims are barred to the extent that Plaintiff has not first exhausted the required administrative remedies by filing a timely

charge with the California Civil Rights Division ("CCRD") and/or the Equal Employment Opportunity Commission ("EEOC").

**15. AS AND FOR THE FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff's claims are barred to the extent they exceed the scope of the charge filed with the CCRD and the EEOC, if Plaintiff has filed a proper charge.

**16. AS AND FOR THE SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that the actions taken, if any were, as alleged by Plaintiff, occurred pursuant to, were mandated by, approved by, or dictated by the Marin County Bona Fide Merit System and/or the applicable Collective Bargaining Agreement and/or Personnel Management Regulations which provided for the actions alleged.

**17. AS AND FOR THE SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that his acts were not a substantial or proximate cause of Plaintiff's alleged injuries.

**18. AS AND FOR THE EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that the FAC is barred by the doctrines of laches, unclean hands and/or the after-acquired evidence doctrine.

**19. AS AND FOR THE NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that at all times relevant, an adequate remedy existed and exists at law, and therefore equitable relief should be denied.

**20. AS AND FOR THE TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that any damages sustained by Plaintiff, as alleged in the Complaint, were caused by or contributed to by the intentional or negligent acts of persons or entities other than Perine, including Plaintiff. In the event that any fault of Perine is found to have contributed to any such damages, Plaintiff's recovery, if any, from Perine is limited to that percentage of Plaintiff's damages which is equal to the percentage by which Perine's negligence or fault contributed to Plaintiff's damages.

**21. AS AND FOR THE TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that he may be entitled to assert various privileges, immunities, and affirmative defenses a set forth in common law, statutes and the constitutions of the United States, the State of California and the California State Government Code, the California Tort Claims Act and/or various other statutory, regulation, or case law. The full nature and extent of such affirmative defenses as applicable thereto are presently unknown to this answering Defendant. Therefore, Perine prays leave of this Honorable Court to amend this answer to allege the applicable, immunities, privileges and defenses when ascertained.

**22. AS AND FOR THE TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that the FAC and each pending cause of action therein fails to state facts upon which an award of attorneys' fees can be granted.

**23. AS AND FOR THE TWENTHY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, to the extent Plaintiff is entitled to any recovery, which is denied, said recovery must be reduced by the amounts Plaintiff received from any collateral sources, and Perine is entitled to set off such amounts and is also entitled to reimbursement pursuant to Government Code section 985.

**24. AS AND FOR THE TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Plaintiff is barred from recovery because the County promulgated and disseminated throughout its workplace policies and procedures designed to prevent prohibited harassment, discrimination, and/or retaliation. Despite knowledge of the policies and procedures, Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities that would otherwise have prevented Plaintiff's alleged harm.

**25. AS AND FOR THE TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, the FAC and each pending cause of action therein are barred by failure to exhaust applicable collective bargaining and/or internal personnel grievance procedures.

**26. AS AND FOR THE TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Plaintiff is barred from recovery for conduct

outside the statute of limitations because Plaintiff has failed to show that such conduct is sufficiently connected to any unlawful conduct within the limitations period.

**27. AS AND FOR THE TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, should Plaintiff be entitled to any recovery against Perine, which is denied, Perine is entitled to indemnification, either in whole or in part, from all persons and entities (including Plaintiff) whose negligence and/or fault and/or actions proximately contributed to Plaintiff's damages, if any.

**28. AS AND FOR THE TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, Perine alleges that Plaintiff is not entitled to recover punitive damages against him because Perine did not act with malice, oppression, or fraud.

**29. AS AND FOR THE TWENTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to the FAC and each cause of action therein, even if the state workers' compensation laws do not provide the exclusive remedy for Plaintiff's claims, any civil damages to which Plaintiff may be entitled must be offset by any award or settlement received under the workers' compensation laws.

## PRAYER

WHEREFORE, Perine prays for relief as follows:

1. That Plaintiff takes nothing by way of the FAC;
2. That this Court deny every and all relief prayed for by Plaintiff;
3. That this Court deny the FAC in its entirety, with prejudice, and enter judgment for Perine on all counts;
4. That Perine be awarded its costs of suit herein;
5. That Perine be awarded attorneys' fees incurred herein, to the extent permitted by law and any and all costs; and

///

///

///

6. For such other and further relief as the Court may deem proper.

Dated: July 15, 2026

OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN

By: /s/ *Michael C. Zimmermann*

Michael C. Zimmermann
Valerie Berg
Attorneys for Defendant
COUNTY OF MARIN